**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 6, 2022**

# In the Court of Appeals of Georgia

A22A0663. GEORGIA DIVISION, SONS OF CONFEDERATE VETERANS, INC. et al. v. DOWNS et al.

DOYLE, Presiding Judge.

The Georgia Division, Sons of Confederate Veterans, The Confederate Memorial Camp #1432 of the Sons of Confederate Veterans, Richard Kevin Straut, Thomas M. McConnell, Eric Robert Howell, Joseph Newton, and Phillip J. Autrey (collectively, "the plaintiffs") filed suit against Bryan A. Downs, in his capacity as the City Attorney for the City of Decatur ("the City"), and the DeKalb County Commissioners ("the County"), individually and in their official capacities (collectively, "the defendants"), seeking an order setting aside a June 2020 order removing a confederate monument from the Decatur City Square. The defendants moved to dismiss the action, and the trial court granted the motion. The plaintiffs

appeal, arguing that the trial court erred: by ruling that they lacked standing; by finding that they could not bring an action to set aside the orders of the court in the Prior Action under the provisions of OCGA § 9-11-60 (a), (b), and (c); by finding that the court in the Prior Action had authority under OCGA § 41-1-2 to "abate the public nuisance"; by dismissing their case because the orders in the Prior action were void. For the reasons that follow, we affirm.

On June 10, 2020, the City sued the County in DeKalb County Superior Court, seeking an order directing the County to remove a confederate monument (which the City characterized as a public nuisance) from the City square ("the Prior Action").[1] On June 12, 2020, following an emergency hearing, the trial court granted the motion, ordered the County to relocate the monument to a secure location no later than June 26, 2020, and the County complied with the order. The City moved for judgment on the pleadings, which motion the County did not oppose, and on September 28, 2020, the court entered a final order and judgment, ordering the County to maintain the

[1] In the complaint, the City explained that in 2017, it received numerous calls from citizens requesting that the monument, which had been vandalized at least twice, be removed. It was determined that the County owned both the monument and the land on which it stood, and the County unsuccessfully attempted to find a place to relocate the monument. The monument became "a frequent target of graffiti and vandalism," and the City and the County incurred costs in ensuring public safety during protests and rallies regarding the monument.

monument in a secure location and prohibiting its return to the City square at any time. The final order and judgment was not appealed.

On June 17, 2021, approximately nine months after the final judgment in the Prior Action, the plaintiffs sued the City and the County in the instant case, seeking to restore the monument to the City square and set aside the June 12, 2020 order. The defendants moved to dismiss the case, and the trial court granted the motions on October 18, 2021. This appeal followed.

We review de novo a trial court's ruling on a motion to dismiss.[2] Here, pretermitting whether the plaintiffs, who were not parties to the Prior Action, could bring a collateral attack against the judgment in that case, the trial court properly dismissed the case because, based on existing case law, they "do not have standing to bring this action [because] they have not alleged any concrete or particularized injury or asserted any other injury other than complaining that removal of the [monument] violated OCGA § 50-3-1."

---

[2] See *Stewart v. Johnson*, 358 Ga. App. 813, 818 (4) (856 SE2d 401) (2021).

This Court recently analyzed standing in a similar case, *Sons of Confederate Veterans v. Newton County Bd. of Commrs.*[3] As in the instant case, the plaintiffs alleged standing under OCGA § 50-3-1 (b) (3), which provides in relevant part:

> No publicly owned monument erected, constructed, created, or maintained on the public property of this state or its agencies, departments, authorities, or instrumentalities or on real property owned by an agency or the State of Georgia shall be relocated, removed, concealed, obscured, or altered in any fashion by any officer or agency; provided, however, that appropriate measures for the preservation, protection, and interpretation of such monument or memorial shall not be prohibited.

As this Court explained, "under federal and Georgia law, standing requires (1) an injury in fact; (2) a causal connection between the injury and the causal conduct; and (3) the likelihood that the injury will be redressed with a favorable decision. An 'injury in fact' is one that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[4]

---

[3] 360 Ga. App. 798, 801-806 (2) (861 SE2d 653) (2021) (cert. granted Mar. 8, 2021, Case No. S22G0039) (consolidated opinion affirming the dismissal of the actions by the Sons of Confederate Veterans and individuals against Newton and Henry Counties seeking the removal of confederate monuments). The trial court relied on this case in determining that the plaintiffs lacked standing.

[4] (Footnote omitted.) Id. at 804 (2).

4

OCGA § 50-3-1 (b) (5) provides that "[a] public entity owning a monument or any person, group, or legal entity shall have a right to bring a cause of action for any conduct prohibited by this Code section for damages as permitted by this Code section."[5] Nevertheless, "the *constitutional* doctrine of standing still requires that a cause of action involve a concrete and particularized *injury*. In other words, a plaintiff must show that 'he has been directly affected apart from his special interest in the subject at issue.'"[6]

After considering the plaintiffs' claims in *Sons of Confederate Veterans*, we concluded that

> the appellants allege no injuries beyond complaining that the removal of the Confederate monuments would violate OCGA § 50-3-1. Suffice it to say, it is not enough for the appellant organizations to tout their dedication to "honor[ing] the memories and legacies of their forefathers who fought for freedom during the War Between the States" or assert that they "will suffer injury to their rights and dignity" if the monuments are removed. And [the individual plaintiff] did not allege any degree of concern with the monuments beyond her status as a private citizen of Newton County. These vague claims of "injury" are, then, far too

---

[5] OCGA § 50-3-1 (b) (5).

[6] (Footnotes omitted; emphasis in original.) *Sons of Confederate Veterans*, 360 Ga. App. at 805 (2).

5

abstract to confer standing on the appellants. Accordingly, because each of the appellants lacked standing, the trial courts correctly dismissed all of these actions.[7]

Accordingly, the trial court did not err by concluding that the plaintiffs lacked standing.[8]

*Judgment affirmed. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[7] Id. at 805.

[8] On March 8, 2022, the Supreme Court of Georgia granted certiorari in *Sons of Confederate Veterans*, noting that it was particularly concerned with the following issue: "To the extent that OCGA § 50-3-1 (b) (5) creates a cause of action allowing any person, group, or legal entity to seek damages without a showing of individualized injury, does the Georgia Constitution nevertheless require such plaintiffs to show individualized injury to have standing to sue?" *Sons of Confederate Veterans et al. v. Newton County Bd. of Commrs.*, 2022 Ga. LEXIS 190 (Case No. S22C0045, decided Mar. 8, 2022).